IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIA MAYS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-1257 |
| | : | |
| ALLY FINANCIAL, | : | |
|     Defendant. | : | |

## MEMORANDUM

**PADOVA, J.**                                                                 **SEPTEMBER 8, 2021**

Plaintiff Tia Mays has filed a *pro se* Complaint against Ally Financial ("Ally"), alleging violations of the Fair Debt Collections Practices Act ("FDCPA") and the Truth in Lending Act ("TILA"). (ECF No. 2.) Mays has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, Mays will be granted leave to proceed *in forma pauperis,* and her Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). She will be granted leave to file an Amended Complaint.

## I.      FACTUAL ALLEGATIONS[1]

Mays alleges that she is a "consumer," and that Ally is a "debt collector" as defined under the FDCPA. (ECF No. 2 at 3.) She further alleges that her alleged obligation arose from a transaction entered into for personal, family or household purposes. (*Id.*) She asserts that Ally used instrumentalities of interstate commerce or the mails in an effort to collect the alleged debt owed by Mays to another party. (*Id.*)

---

[1] The allegations set forth in this Memorandum are taken from Mays's Complaint. The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Mays also alleges that Ally is involved in the extension of consumer credit. (*Id.*) She claims that, in connection with the alleged debt giving rise to her claim, Ally failed to provide proper disclosures and notices, and failed to include a "cooling period" in the loan documents. (*Id.*) Mays alleges that she initiated the consumer credit transaction at issue with CP Springfield LLC, which in turn submitted a loan application in her name. The retail contract, once executed, was assigned to Ally for deposit into a "loan pool." (*Id.* at 4.) Mays alleges that Ally engaged in "criminal behavior and conduct, deceptive, and misleading documentation and practices, [and] changed the identity of my private consumer transaction into a public commercial transaction" to permit CP Springfield and Ally to profit. (*Id.*)

Attached to the Complaint is a "Retail Installment Sale Contract – Simple Finance Charge." (ECF No. 2-1.) It lists Plaintiff as the Buyer, Deanna M. Mays as the Co-Buyer, and CP Springfield LLC as the Seller-Creditor. (*Id.* at 1.) The subject of the contract appears to be the sale of a used 2013 Buick Lacrosse. (*Id.*) The document includes Federal Truth-In-Lending Disclosures as follows: Annual Percentage Rate of 17.70 %, Finance Charge of $ 14,352.78, Amount Financed of $22,363.62, Total Payments of $ 36,716.40, and Total Sales Price of $36,816.40, including a $100.00 down payment. (*Id.*) The document also discloses that 72 payments in the amount of $509.95 each will be due monthly beginning on September 7, 2017. (*Id.*) A section of the document sets forth an Itemization of the Amount Financed. (*Id.*) The document includes a provision titled "No Cooling Off Period." (*Id.*) The document discloses that the Seller may assign the contract and retain its right to receive a part of the Finance Charge. (*Id.*) Handwritten signatures appear in the spaces provided for the Buyer, Co-Buyer, and Seller. (*Id.*) The document appears to have been executed on July 24, 2017. (*Id.*)

Based on the foregoing, Mays alleges violations of the FDCPA, and requests as relief an award of statutory damages, actual damages, title to be released lien free, and compensation for

past payments toward the alleged debt. (ECF No. 2 at 4.) She also alleges violations of TILA, and states that Ally violated TILA by knowingly and willfully withholding information from a consumer in a credit transaction and taking cash in a consumer credit transaction in which a finance charge was involved. (*Id.* at 5.) She requests an award of pre and post judgment interest.

## II.     STANDARD OF REVIEW

The Court will grant Mays leave to proceed *in forma pauperis* because it appears that she is not capable of paying the fees to commence this civil action. Accordingly, Mays's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which requires the Court to dismiss the Complaint if it is frivolous, malicious, or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.*

As Mays is proceeding *pro se*, the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, No. 18-2622, 2021 WL 3482913, at *2 (3d Cir. Aug. 9, 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt*, 2021 WL 3482913, at *2. However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F. 3d at 245).

Unrepresented litigants also "'cannot flout procedural rules — they must abide by the same rules that apply to all other litigants.'" *Id.*

### III.  DISCUSSION

#### A.  FDCPA Claim

Mays asserts a claim under the FDCPA, which "provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). "'To state a claim under the FDCPA, a plaintiff must establish that: (1) he or she is a consumer who was harmed by violations of the FDCPA; (2) that the 'debt' arose out of a transaction entered into primarily for personal, family, or household purposes; (3) that the defendant collecting the debt is a 'debt collector,' and (4) that the defendant violated, by act or omission, a provision of the FDCPA.'" *Pressley v. Capital One*, 415 F. Supp. 3d 509, 512-13 (E.D. Pa. 2019) (quoting *Johns v. Northland Grp., Inc.*, 76 F. Supp. 3d 590, 597 (E.D. Pa. 2014)). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Where a plaintiff fails to allege facts supporting each of these elements, the FDCPA claim is not plausible. *See Pressley*, 415 F. Supp.3d at 513 ("Without specific facts, including but not limited to: (1) the nature of the debt; (2) the amount of the debt; (3) the dates and times Pressley was contacted regarding the debt; and (4) the method and content of these communications, Pressley has not stated a plausible claim under the FDCPA."); *Astarita v. Solomon & Solomon, PC*, Civ. A. No. 12-5670, 2013 WL 1694807, at *2 (D.N.J. Apr. 18, 2013) ("Plaintiff's Complaint is utterly devoid of any factual content — such as the specific debt which Defendant attempted to collect on, or details about the dates, times, and

manner of the communications Defendant made to Plaintiff in attempting to collect on that unspecified debt — which would allow the Court to draw the reasonable inference that Defendant's actions violated any provision of the FDCPA."); *see also Humphreys v. McCabe Weisberg & Conway, P.C.*, 686 F. App'x 95, 97 (3d Cir. 2017) (*per curiam*) (concluding that FDCPA claim was based on "conclusory and speculative statements that cannot survive a motion to dismiss").

Liberally construed, Mays's claim arises from the purchase of a used car under the terms set forth in the Retail Installment Sale Contract – Simple Finance Charge attached to the Complaint. While this information adequately sets forth the nature of the debt, there are no allegations in the Complaint as to the current amount of the debt, whether the debts is in arrears, the dates and times Ally contacted Mays regarding the debt, or the method and contents of these communications. Absent these facts, the Court cannot draw an inference that Ally has violated any provision of the FDCPA, and Mays has, therefore, not stated a plausible claim. Her FDCPA claim will be dismissed. Because the Court cannot state at this time that Mays cannot state a plausible FDCPA claim, she will be granted leave to amend.

The Court notes that in addition to alleging that Ally is a debt collector, Mays also alleges that Ally is involved in the extension of consumer credit. (ECF No. 2 at 3.) However, the FDCPA "applies only to 'debt collectors . . . .'" *Tepper v. Amos Fin., LLC*, 898 F.3d 364, 366 (3d Cir. 2018). Creditors—*i.e.*, entities offering or extending credit creating a debt or entities to whom a debt is owed—are generally not subject to the FDCPA. *Id.* Mays cannot state an FDCPA claim against Ally if its involvement in this case was in its capacity as a creditor. The facts alleged, however, are insufficient to make this determination. Mays should be mindful of this distinction upon amendment.

### B. TILA Claim

Mays also alleges violations of TILA. "Congress enacted TILA in 1968, as part of the Consumer Credit Protection Act, Pub.L. 90–321, 82 Stat. 146, as amended, 15 U.S.C. § 1601 *et seq.,* to 'assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit,' § 102, codified in 15 U.S.C. § 1601(a)." *See Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 53–54 (2004). Although Mays alleges that Ally knowingly and willfully withheld information from a consumer in a credit transaction and took cash in a consumer credit transaction in which a finance charge was involved, it appears from the Retail Installment Sale Contract attached to the Complaint that CP Springfield, LLC was the Seller, and, therefore, presumably the party that disclosed the relevant information about the loan. However, the facts alleged in the Complaint are not clear on this point, or whether or to what extent Ally was involved in the disclosure of the terms of the auto loan at issue. Accordingly, the Complaint does not state a plausible TILA claim against Ally. *See Bonilla v. Am. Heritage Fed. Credit Union*, Civ. A. No. 20-2053, 2020 WL 2539197, at *7 (E.D. Pa. May 19, 2020) ("Ms. Bonilla does not allege the Credit Union, or any of the individual Defendants, failed to disclose terms of a credit agreement to Ms. Bonilla as required by TILA."). Mays's TILA claim will be dismissed. Because the Court cannot state at this time that Mays cannot state a plausible TILA claim, she will be granted leave to amend.

### IV. CONCLUSION

For the reasons stated, Mays's application for leave to proceed *in forma pauperis* will be granted and her Complaint dismissed without prejudice for failure to state a claim pursuant to §

6

1915(e)(2)(B)(ii).  Mays will be granted leave to amend her Complaint.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows.


                              **BY THE COURT:**

                              _____**/s/ John R. Padova**_____
                              **JOHN R. PADOVA, J.**